

**COUNTY OF HUDSON, NEW JERSEY**
OFFICE OF THE COUNTY COUNSEL
DEPARTMENT OF LAW
ADMINISTRATION BUILDING ANNEX
567 PAVONIA AVENUE
JERSEY CITY, NJ 07306
(201) 795-6250
Fax: (201) 795-6428

**THOMAS A. DeGISE**
*County Executive*

**DONATO J. BATTISTA**
*County Counsel*

**LOUIS C. ROSEN**
*Deputy County Counsel*

**DANIEL J. DeSALVO**
*Deputy County Counsel*

**MICHAEL L. DERMODY**
*1st Assistant County Counsel*

**Susan A. McCurrie**
*2nd Assistant County Counsel*

Neil J. Carroll, Jr.
John J. Collins
Alberico De Pierro
David B. Drumeler
Donald L. Gardner
Robin Moses
Georgina Giordano-Pallitto
Nidara Rourk
Daniel W. Sexton
Aurelio Vincitore
Laura J. Wadleigh

September 24, 2020

*Electronically Filed*
Hon. Leda D. Wettre, U.S.M.J.
MLK, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07102

      **RE: Mazo, et. als. v. Way, et. als.**
          **Civil Action No. 20-8336 (SDW-LDW)**
          *Motion Returnable: October 19, 2020*

Dear Judge Wettre:

     Please be advised that this office represents Defendant, E. Junior Maldonado, in his official capacity as the Hudson County Clerk in the above referenced matter. Kindly accept this letter brief in lieu of more formal support for Defendant Maldonado's Cross Motion to Dismiss the complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ.P. 12(b)(6) and L. Civ. R. 7.1. The complaint is not properly filed against E. Junior Maldonado in his capacity as County Clerk, the issue is moot, and the issue is not ripe for adjudication.

     In making this Cross Motion, E. Junior Maldonado respectfully adopts the arguments submitted by the Union County Clerk and seeks the dismissal of the Plaintiff's complaint with prejudice. No specific allegation is made in this complaint against Defendant Maldonado in his official capacity as Clerk: the ballot draw conducted by Defendant Maldonado on April 9, 2020 was never challenged by the Plaintiff in State Court prior to the printing of the ballots. The relief sought by the Plaintiff is declaratory only. In joining in the Cross Motion of Defendant Rajoppi, Defendant Maldonado provides the brief discussion below as to the role of Clerks within the State of New Jersey, and the specific context of

mootness and ripeness under the Declaratory Judgement Act 28 U.S.C. §§ 2201 and 2202.

     As pointed out by counsel for the Clerk of Union County, the enforcement of the election laws in the State of New Jersey is the duty of the Secretary of State, and she is the proper defendant in this case. N.J.S.A. 19:31-6a and N.J.S.A. 52:16A-98. Alternatively, the duties of the County Clerks are largely ministerial. "The clerk has the responsibility to deal with petitions for the elections and to set up the ballot arrangements and array. Unless specifically directed by statute as to a procedure, the clerk has discretion in carrying out this responsibility. Schundler v. Donovan, 377 N.J. Super. 339, 343, 872 A.2d 1092, 1095 (App. Div.), aff'd, 183 N.J. 383, 874 A.2d 506 (2005) (internal citations omitted). If discretion is exercised, a court will look only to whether that discretion was rooted in reason. Ibid. The statute in question specifically directs the Clerks how to act with regard to ballot draws and bracketing. The discretion of the Defendant Maldonado is not being challenged. Plaintiff's Complaint claims not that Defendant Maldonado acted incorrectly, but that the statute as to the ballot draw and bracketing is unconstitutional. The defense of that law is not within the authority granted to the Clerk and therefore the complaint against Defendant Maldonado should be dismissed.

     The relief sought by Plaintiff is a declaration that the New Jersey Statutes in question are unconstitutional. But the harm alleged by the Plaintiff is that his placement on the ballot negatively impacted his candidacy. The live controversy then is the placement on the ballot at the moment the ballot draw is performed, not the ultimate result of the election. When there is no live controversy in this matter and the case is clearly moot. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir.2003). Federal courts are without power to hear moot cases. State Farm Mut. Auto. Ins. Co. v. Ormston, 550 F.Supp. 103, 105 (E.D.Pa.1982) (citing Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964)). The Declaratory Judgment Act requires that there be a "case of actual controversy" between the parties. 28 U.S.C. § 2201(a). Here, the harm to plaintiff (if any) arose at the time of the ballot draw itself. The Plaintiffs never challenged the ballot placement during a time frame in which a court may have affected his position on the ballot. Plaintiff did not contest his position on the Hudson County ballot, ran for office knowing his placement on the ballot, and lost. No declaratory judgment sought today by the Plaintiff will address the July 2020 Primary election ballot or the election results. Without that live action in controversy this issue is moot and should not be heard by this Court.

     Plaintiff claims that the issue is ripe for adjudication because he intends to run for election again in 2022. The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such a declaration...." 28 U.S.C. § 2201(a). The Third Circuit uses a three part test to evaluate whether an action for declaratory judgment is ripe, examining: 1) the adversity of the parties' interest, 2) the conclusiveness of

the judicial judgment, and 3) the practical help, or utility of that judgment. However, "a potential harm that is contingent on a future event occurring will likely not satisfy the adversity of interest prong of the ripeness test" and warrant dismissal. Pittsburgh Mack Sales & Serv. Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66, 580 F.3d 185, 190 (3d Cir.2009)). As argued by counsel for Union County the matter presented by Plaintiff is not ripe for adjudication because it is dependent upon far too many future events: the Plaintiff choosing to run again; the Plaintiff having the financial resources to run again; the Plaintiff's ability to properly submit a valid petition, on time, for the next election. The Plaintiff could obtain the backing of a political Party, or Plaintiff could begin his own political party. None of these factors are reasonably foreseeable. Far too many contingencies exist for this matter to be truly ripe for adjudication. In no way does the tenuous nature of the future candidacy of the plaintiff pass the test for ripeness, and the complaint should be dismissed.

The proper defendant in this case is the Secretary of State, not the Clerks of the Counties within the States. The harm alleged could have been addressed, or at least challenged, at the time of the ballot draw and placement of the Plaintiff on the ballot. Plaintiff chose not to do so. For that reason, the issue as to the July 2020 Primary election is moot, and the issue as to any future candidacy of the Plaintiff is not ripe of adjudication. For these reasons Defendant Maldonado respectfully submits that this matter should be dismissed with prejudice.

Respectfully submitted,

Donato J. Battista
Hudson County Counsel

**s/Daniel J. DeSalvo**
Daniel J. DeSalvo
Deputy County Counsel

DJB:dmp